B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |

| **PLAINTIFFS** Steven Weiss, Chapter 7 Trustee | **DEFENDANTS** Jeanne D'Arc Credit Union |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Mark J. Esposito, BBO# 672638<br>Steven Weiss, BBO#545619<br>Shatz, Schwartz and Fentin, P.C., 1441 Main St., Suite 1100<br>Springfield, MA 01103 413-737-1131 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
This is an adversary proceeding brought by Steven Weiss, Chapter 7 Trustee (the "Trustee") seeking to recover fraudulent transfers made by the Debtor, Top Line Granite Design, Inc. ("Top Line"), to Jeanne D'Arc Credit Union ("JDCU") pursuant to 11 U.S.C. §§ 548, 550, and M.G.L. ch. 109A.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)   M.G.L. ch. 109A

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $  334,845.79 |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Top Line Granite Design, Inc. | BANKRUPTCY CASE NO.<br>22-40216 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Central Worcester || NAME OF JUDGE<br>Elizabeth D. Katz |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>March 6, 2024 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Steven Weiss, Esquire<br>Mark J. Esposito, Esquire ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re <br><br> TOP LINE GRANITE DESIGN, INC., <br> Debtor <br><br> STEVEN WEISS, Chapter 7 Trustee, <br> Plaintiff <br><br> v. <br><br> JEANNE D'ARC <br> CREDIT UNION, <br><br> Defendant | Chapter 7 <br> Case No. 22-40216-EDK <br><br><br><br> Adversary Proceeding No. 24-_____ |

COMPLAINT

Introduction

1. This is an adversary proceeding brought by Steven Weiss, Chapter 7 Trustee (the "Trustee") seeking to recover fraudulent transfers made by the Debtor, Top Line Granite Design, Inc. ("Top Line"), to Jeanne D'Arc Credit Union ("JDCU") pursuant to 11 U.S.C. §§ 548, 550, and M.G.L. ch. 109A.

Parties

2. The Trustee is an individual practicing law with Shatz, Schwartz and Fentin, P.C., with a business address of 1441 Main Street, Suite 1100, Springfield, Massachusetts, 01103.

3. The Defendant Jeanne D'Arc Credit Union is a state-chartered credit union organized under the laws of the Commonwealth of Massachusetts, with a business address of 658 Merrimack Street, Lowell, MA 01854.

## Jurisdiction and Venue

4. This Court has jurisdiction over the core proceeding set forth in Count I pursuant to 28 U.S.C. § 157(b)(2)(H).

5. This Court has jurisdiction over the non-core proceeding set forth in Count II pursuant to 28 U.S.C. § 1334(b).

6. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408-1409.

## Facts

7. On March 25, 2022 (the "Petition Date"), Top Line filed a petition for relief under Chapter 11 as a Subchapter V debtor.

8. On June 29, 2023, the case was converted to a case under Chapter 7, and the Plaintiff was appointed as Chapter 7 Trustee.

9. At all times relevant hereto, the sole shareholder and President of the Debtor was Edmilson Ramos ("Ramos").

10. At all times relevant hereto, Ramos resided at 290 Massapoag Road, Tyngsborough, Massachusetts (the "Residence").

11. On or about November 25, 2019, Ramos, personally, executed and delivered a promissory note in the original amount of $1,872,500.00 (the "Note") to JDCU.

12. On information and belief, none of the proceeds from the Note were received by Top Line.

13. As security for payment of the Note, Ramos granted JDCU a first mortgage on his Residence.

14. The Debtor Top Line neither co-signed the Note nor guaranteed Ramos' payment of the Note.

2

15. Despite that, Ramos caused Top Line to make payments of his personal obligations under the Note to JDCU.

16. Based upon information received from JDCU, between December 1, 2019, and the Petition Date, JDCU received payments from Top Line in the aggregate amount of $334,845.79 (collectively, the "Transfers").

## COUNT I

## AVOIDANCE OF FRAUDULENT TRANSFERS

## PURSUANT TO M.G.L. Ch. 109A

17. Paragraphs 1 through 16 are restated herein and incorporated by reference.

18. Top Line was not obligated to JDCU for payment of the Note or any other obligation.

19. Top Line did not receive reasonably equivalent value in exchange for the Transfers.

20. At all times relevant hereto, Top Line was engaged in or about to engage in business or transactions for which its remaining assets were unreasonably small in relation to such business or transactions.

21. At the time the Transfers were made, Ramos knew or should have known that Top Line had incurred or would incur debts beyond its ability to pay as they became due.

22. At the time the Transfers were made, Top Line was insolvent, or became insolvent as a result of the Transfers.

23. The Transfers referred to JDCU constitute fraudulent transfers within the meaning of M.G.L. Ch. 109A, § 5 and 6.

24. Pursuant to 11 U.S.C. § 544, the Trustee may void such transfers as fraudulent transfers.

3

25. The Trustee therefor requests that judgment be entered against JDCU in the amount of $334,845.79, plus interest and costs.

## COUNT II

## AVOIDANCE OF TRANSFERS PURSUANT TO

## 11 U.S.C. § 548

26. Paragraphs 1 through 25 are restated herein and incorporated by reference.

27. Top Line did not receive reasonably equivalent value in exchange for the Transfers.

28. At all times relevant hereto, Top Line was engaged in or about to engage in business or transactions for which its remaining assets were unreasonably small in relation to such business or transactions.

29. At the time the Transfers were made, Ramos knew or should have known that Top Line had incurred or would incur debts beyond its ability to pay as they became due.

30. At the time the Transfers were made, Top Line was insolvent, or became insolvent as a result of the transfers.

31. The Transfers to JDCU constitute fraudulent transfers within the meaning of 11 U.S.C. § 548.

32. Pursuant to 11 U.S.C. § 548, the Trustee may void those Transfers made within two (2) years before the Petition Date as fraudulent transfers.

33. In the two years before the Petition Date, the Debtor made Transfers to JDCU in the aggregate amount of $171,698.70.

34. The Trustee therefor requests that judgment be entered against JDCU in the amount of $171,698.70, plus interest and costs.

WHEREFORE, the Trustee respectfully requests that this Honorable Court:

1. On Count I, enter an order determining that the Transfers from Top Line to Jeanne D'Arc Credit Union constitute fraudulent transfers pursuant to 11 U.S.C. § 544 and G.L. Ch. 109A, and enter judgment against Jeanne D'Arc Credit Union in the amount of Three Hundred Thirty-Four Thousand Eight Hundred Forty-Nine and 73/100 Dollars ($334,849.73), plus interest and costs;

2. On Count II, enter an order determining that the Transfers from Top Line to Jeanne D'Arc Credit Union constitute fraudulent transfers pursuant to 11 U.S.C. § 544 and G.L. Ch. 109A, and enter judgment against Jeanne d'Arc Credit Union in the amount of One Hundred Seventy One Thousand Six Hundred Ninety Eight and 70/100 Dollars ($171,698.70), plus interest and costs; and

3. Grant such further relief as this Court deems just and proper.

Respectfully submitted,
For the Plaintiff,
STEVEN WEISS, TRUSTEE,
By his attorneys,

_____
Steven Weiss, BBO # 545619
Mark J. Esposito, BBO # 672638
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103
(413) 737-1131
(413) 736-0375 (f)
sweiss@ssfpc.com
mesposito@ssfpc.com

Dated: March 6, 2024

22\0137\Avoidance Claims\Complaint - Jeanne D'Arc\Complaint.1602

5