UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 13 |
|  | ) | Case No. 22-40216-EDK |
| TOP LINE GRANITE DESIGN INC., | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) | Adversary Proceeding |
| STEVEN WEISS, | ) | No. 24-4010 |
| *Chapter 7 Trustee,* | ) |  |
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| JEANNE D'ARC CREDIT UNION, | ) |  |
| EDMILSON RAMOS, | ) |  |
|  | ) |  |
| Defendants | ) |  |

## SCHEDULING AND PRETRIAL ORDER

1. **A PRETRIAL HEARING IS SCHEDULED FOR October 31, 2024 at 10:00 a.m.** in the Federal Building and Courthouse, Courtroom 3, 595 Main Street, Worcester, MA.

2. **Unless otherwise ordered, the parties shall comply with all obligations and deadlines set forth herein.**

3. **Cooperation.** The parties and counsel must cooperate during all aspects of discovery. Failure by any party or counsel to make required disclosures or cooperate in discovery may warrant the imposition of sanctions under Fed. R. Civ. P. 37.

4. **Rule 26(f) Discovery Conference.** The parties are ordered to confer as soon as possible pursuant to Fed. R. Civ. P. 26, but no later than 21 days from the date of this Order.

5. **Rule 26(f) Discovery Conference Certification and Written Report.** Within 14 days of the Rule 26(f) conference, the parties shall file a written report containing:

a. A certification that the Rule 26(f) conference has taken place.

b. A proposed discovery plan that addresses all topics set forth in Fed. R. Civ. P. 26(f)(3) and, if applicable, contains protocols for the discovery or disclosure of electronically stored information.

c. A statement that the parties have complied with the automatic disclosure provisions of Fed. R. Civ. P. 26(a)(1) and (2) *or* an explanation of why the parties have not complied and a description of the actions the parties are taking to comply.

d. In the event any party anticipates the disclosure or discovery of electronically stored information,

    i. a certification that the parties have conferred regarding:

        1. the nature and extent of the contemplated electronically stored information discovery;

        2. any issues involving the preservation, disclosure, discovery, or presentation of electronically stored information, including the form (or forms) in which the electronically stored information will be provided;

        3. the various sources of electronically stored information within a party's control;

        4. the characteristics of the parties' information systems that may contain relevant electronically stored information, including, if appropriate, the identity of individuals with special knowledge of a party's computer systems; and

        5. whether either party has relevant electronically stored information that the party contends is not reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2)(B); and

    ii. if either party contends that relevant information is not reasonably accessible pursuant to Fed. R Civ. P. 26(b)(2)(B), the estimated burden or costs of retrieving and reviewing that information.

e. A statement regarding the Court's authority to enter a final order as to each matter in dispute.

f. A statement as to whether each party consents to the entry of a final order by this Court as to each matter in dispute.

g. An estimated length of trial.

h. In the event any party has demanded a jury trial, a statement identifying:

i. the specific matters to which the jury demand applies;

    ii. the legal basis for the right to a jury trial; and

    iii. whether all parties consent to this Court conducting a jury trial.

6. **Completion of Discovery.** **Discovery must be completed by November 12, 2024**, unless otherwise ordered by the Court upon motion or after consideration of the discovery plan.

7. **Expert Witness Disclosures.** Disclosures under Fed. R. Civ. P. 26(a)(2), including the disclosure of the expert witness written report required by Fed. R. Civ. P. 26(a)(2)(B), must be completed within 60 days from the date of this order, unless otherwise ordered by the Court upon motion or after consideration of the discovery plan.

8. **Discovery-Related Disputes and Motions.** No discovery motion may be filed unless the moving party (1) has attempted in good faith, but without success, to resolve the dispute; and (2) pursuant to Fed. R. Civ. P. 16(b)(3)(B)(v), has requested a pre-motion conference with the Court.

    a. The request must be made by filing a one-page written request with the Court that contains only a general summary of the issues to be discussed. Any request for a pre-motion conference shall not contain argument. No response to the request should be filed unless directed by the Court. If the Court does not grant the request for a pre-motion conference, or if the conference fails to resolve the dispute, a discovery motion may then be filed.

9. **Dispositive Motions.** **The deadline for filing dispositive motions is 30 days after the discovery deadline, or any later deadline the Court may impose upon motion.**

    a. **Opposition/Response to Dispositive Motions.** **The deadline for filing an opposition or response to any Dispositive Motion will be 21 days after the filing of the Dispositive Motion,** or any later deadline the Court may impose upon motion.

10. **Failure to Comply with this Order.** This Order and the deadlines set by the Court may not be modified absent further Court order. Failure to comply with the provisions of this Order may, pursuant to Fed. R. Civ. P. 16 and 37, result in sanctions, including the entry of a dismissal or default, exclusion of evidence or testimony, or monetary sanctions.

_____  8/12/2024
Elizabeth D. Katz          Dated
United States Bankruptcy Judge