UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**TOP LINE GRANITE DESIGN, INC.,**<br><br>Debtor | Chapter 7<br>Case No. 22-40216-EDK |
| **STEVEN WEISS, TRUSTEE,**<br>Plaintiff<br>vs.<br>**JEANNE D'ARC CREDIT UNION and EDMILSON RAMOS,**<br>Defendant | Adversary Proceeding<br><br>No. 24-4010 |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE EXPERT'S REPORT AND TO PRECLUDE TESTIMONY AT TRIAL

Now comes Steven Weiss, as chapter 7 Trustee of Top Line Granite Design, Inc. (the "Plaintiff"), and submits this opposition to the Motion of Jeanne D'Arc Credit Union ("JDCU") to Strike Expert's Report and to Preclude Testimony at Trial (ECF No. 60, the "Motion to Strike"). For the reasons set forth below, the Motion to Strike is without merit and must be denied.

After the completion of discovery, the Trustee filed his Motion for Summary Judgment [ECF No. 51], supported in part by his experts' opinions that: (a) the Debtor was insolvent at all times relevant to this proceeding; (b) the Debtor had unreasonably small capital to maintain its operations; and (c) the Debtor did not receive reasonably equivalent value for its transfers to JDCU in payment of Defendant Edmilson Ramos's personal mortgage obligations (the "Transfers"). The Motion to Strike is limited; it challenges only the first of these opinions and is silent as to the

others. As to the opinion of insolvency, the Motion to Strike relies primarily on the affidavit of Julie Quink, a previously undisclosed purported expert.

## THE QUINK AFFIDAVIT
## MUST BE EXCLUDED

As a preface, the Defendant never designated Ms. Quink (or anyone else) as an expert witness in this matter. The Defendant's effort to introduce "expert" testimony at this late date violates both F.R.Civ.P. 26(a)(2)(A), as well as the specific orders by the Court in this adversary proceeding. Rule 26 requires a party to timely disclose any witnesses who may be used to offer expert testimony at trial. This Court's initial pretrial order incorporates this requirement [ECF No. 24, ¶ 7]. In their joint pretrial stipulation filed in this proceeding, the parties agreed to designate experts by March 14, 2025 [ECF No. 27]. In April, 2025, the Plaintiff moved for leave to designate Ms. Wexler and Ms. Lytle as experts [ECF No. 41], which was allowed without objection [ECF No. 43]. By agreement, the discovery deadline was extended upon motion to August 30, 2025 [ECF No. 46]. In a motion filed by the Plaintiff to extend the deadline for filing dispositive motions (to which the Defendant assented), the parties represented that they expected discovery to be completed by the end of October, 2025 [ECF No. 49]. Even after the Motion for Summary Judgment was filed and the Defendant requested a conference as a prelude to the Motion to Strike, the Defendant failed to disclose that it had retained an expert.

Moreover, while the Defendant seems to be proffering Ms. Quink's affidavit (the "Quink Affidavit") as "expert" testimony—her CV lists this case as an example of her expert services—the capacity in which her affidavit is being offered is murky. Clearly, she is not a fact witness; she has no known connection with the case, and any statements she might provide would be hearsay.

2

If she is being proffered as an expert, she has not provided any sort of report, nor does her affidavit constitute a proper expert opinion. *Cf.* F.R.Civ.P. 26(a)(2)(B).

F.R.Civ.P. 37(c)(1) states in relevant part as follows: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the *party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial,* unless the failure was substantially justified or is harmless". (Emphasis added). Given the chronology of events, there can be no justification for failing to disclose the intent to use Ms. Quink as a witness. And JDCU's failure to disclose her retention is hardly "harmless". "Expert" testimony that is being sprung upon the Plaintiff at this late date, after discovery has long been closed and the Motion for Summary Judgment has been filed, is obviously hugely prejudicial to the Plaintiff, whose counsel has had no chance to investigate Ms. Quink's qualification and expertise, to examine her regarding the timing of and compensation for her retention and the investigations she undertook to issue her affidavit. Her affidavit is not admissible testimony, it is untimely, and it should be disregarded in its entirety.

## THE MOTION TO STRIKE IS LIMITED
## TO THE INSOLVENCY OPINION

Even if the affidavit is not disregarded entirely, it does not support striking the Wesler Report. Both the Motion to Strike and the Quink Affidavit are quite limited in scope. They attempt to undermine only the opinion on the Debtor's insolvency; neither of them challenges the Wesler Report's opinions that the Debtor had unreasonably small capital while the Transfers were being made, and that the Transfers had no business purpose. Thus, those opinions are unrebutted and fully admissible (and undisputed) for purposes of adjudicating the Motion for Summary Judgment.

3

# THE CHALLENGE TO THE INSOLVENCY
# OPINION MUST BE OVERRULED

While the Motion to Strike accurately notes that in a challenge to expert testimony, the *Daubert* case provides that this Court serves as a "gatekeeper" to preclude unreliable expert testimony, the exclusion of "critical" expert testimony is an "extreme sanction". *See, e.g., EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 93, (D. Del. 2016), *quoting Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, 763 F. Supp 2d 671, 692 (D. Del. 2016), *quoting In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994). "When a party agrees that an expert witness used an accepted methodology, but that the data used in applying that methodology was flawed, such an allegation does not require a court to exclude the testimony or report. Instead, such an attack goes to the weight of the evidence, rather than to its admissibility. The trial judge has broad discretion in the matter of the admission or exclusion of expert evidence[.]" *Synergeering Group, LLC v. Jonatzke (In re Jonatzke)*, 478 B.R. 846, 862-63 (Bankr. E.D. Mich. 2012) (Internal citations and punctuation omitted).

Given the broad discretion afforded to this Court under the *Daubert* standard, the challenge to the Wesler Report on insolvency must fail. The Motion to Strike essentially argues that the Plaintiff's expert did not have sufficient documents with which to justify the opinion, and that the report accordingly makes certain unjustified assumptions. That is not the standard for determining whether to exclude an expert's report. Indeed, "[e]xperts may . . . make reasonable assumptions that are consistent with the evidence available to them." *Packgen v. Berry Plastics Corp.*, 847 F.3d 80, 88 (1st Cir. 2017), *citing Cummings v. Std. Register Co.*, 265 F.3d 56, 65 (1st Cir. 2001). Even if an expert's opinion might have been stronger if other documents had been examined, that only goes to the weight of the opinion, not to its admissibility. *Lawes v. CSA Architects & Eng'rs, LLC,*

963 F. 3d 72, 101-102 (1st Cir., 2020). "Lack of certainty is not, for a qualified expert, the same thing as guesswork." *Milward v. Acuity Specialty Prods. Group*, 639 F.3d 11, 22 (1st Cir. 2011), *quoting Primiano v. Cook*, 2010 U.S. App. LEXIS 8859 at *13 (9th Cir. 2010).

The Trustee's affidavit makes clear that he provided all of the relevant documents in his possession to Wesler; that he requested that Mr. Ramos and his former executive assistant provide passwords to the Debtor's computers, but that they did not do so; and that the Plaintiff issued a document subpoena to the accountants for the Debtor and Mr. Ramos, personally, for all relevant documents in their possession. *Trustee Affidavit,* ¶ 7, Exhibit "4". The Plaintiff also served a request for production of documents on Mr. Ramos. To the extent that review of Mr. Ramos' personal bank statements or financial statements would have assisted JDCU's defense, it could have filed discovery requests on Mr. Ramos, subpoenaed those records from his bank, or reviewed their own records.[1] "If [the Defendant] believed the bank statements would assist her in convincing the bankruptcy court that she loaned [the Debtor] certain funds, nothing prevented her from introducing the statements. By choosing not to produce such evidence, [the Defendant] took the risk the bankruptcy court would find against her." *Braunstein v. Walsh (In re Rowanoak Corp.)*, 344 F. 3d 126, 131-132 (1st. Cir. 2003).

The Motion to Strike also criticizes the Wesler Report for recharacterizing items from "equity" to "debt", because the underlying documents were not reviewed in detail. That defies common sense. As Ms. Lytle described in her testimony, when an item is explicitly described as a "loan", e.g., "Misc. Loans", it is self-evident that it is an obligation to be repaid, not a contribution to capital. Lytle Deposition, pp. 23. Ms. Lytle and Ms. Wesler did not simply take the available

---

[1] After the Motion to Strike was filed, the Plaintiff discovered that Mr. Ramos had provided a personal financial statement to JDCU in 2019 when he applied for the loan. A copy is attached to this Objection. Mr. Ramos represented to JDCU that he had no cash and that the Debtor did not owe him any money. That significantly undercuts the unfounded speculations in the Quink Affidavit concerning Ramos' potentially ample financial means.

5

documents at face value. Instead, they did what experts are supposed to do: take a deeper dive into the available records to get a clearer picture of the Debtor's actual financial circumstances. It is important to note that in Ms. Quink's affidavit, she does not remotely opine that the Debtor was actually solvent; indeed, she does not identify any documents she looked at other than the Wesler Report itself. The Quink Affidavit attempts to raise doubts about assumptions made in the Wesler Report, but given the incomplete state of the Debtor's records such assumptions were entirely reasonable, and the Defendant has not offered any evidence contradicting or disproving them.

The Defendant has woefully failed to establish grounds under *Daubert* on which to exclude the opinions of the Trustee's experts. Accordingly, the Motion to Strike must be denied.

Respectfully submitted this 6th day of January, 2026.

Respectfully submitted,

STEVEN WEISS,
CHAPTER 7 TRUSTEE,
PLAINTIFF

By: /S/ Steven Weiss
Steven Weiss, Esquire
sweiss@ssfpc.com
BBO #545619
Mark J. Esposito, Esquire
Mesposito@ssfpc.com
BBO # 672638
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103
Telephone: 413-737-1131
Facsimile: 413-736-0375

22\0137\Avoidance Claims\Complaint - Jeanne D'Arc\Summary.jdgmt\Drafts\Objection.Motion.Strike.1603

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re | ) |
|  | ) Chapter 7 |
| TOP LINE GRANITE DESIGN, INC., | ) Case No. 22-40216-EDK |
| Debtor | ) |
|  | ) |
| STEVEN WEISS, Chapter 7 Trustee, | ) |
| Plaintiff | ) |
|  | ) |
| v. | ) Adversary Proceeding No. 24-4010-EDK |
|  | ) |
| JEANNE D'ARC CREDIT UNION, | ) |
| EDMILSON RAMOS | ) |
| Defendants | ) |

## CERTIFICATE OF SERVICE

I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that on January 6, 2026, a copy of the of the foregoing **Opposition to Motion to Strike** was mailed via electronic and/or first-class mail, postage pre-paid, to the following:

Edmilson Ramos, Defendant
290 Massapoag Road
Tyngsborough, MA 01879

Nora R. Adukonis
Jessica Studstill
Litchfield Cavo LLP
6 Kimball Lane
Suite 200
Lynnfield, MA 01940

/s/ Steven Weiss
Steven Weiss, Esquire