|  |  |
|---|---|
| **In re:**<br><br>**TOP LINE GRANITE DESIGN, INC.,**<br><br>        **Debtor** | **Chapter 7**<br>**Case No. 22-40216-EDK** |
| **STEVEN WEISS, TRUSTEE,**<br>        **Plaintiff**<br>**vs.**<br><br>**JEANNE D'ARC CREDIT UNION and**<br>**EDMILSON RAMOS,**<br>        **Defendant** | **Adversary Proceeding**<br><br>**No. 24-4010** |

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Now comes Steven Weiss, as chapter 7 Trustee of Top Line Granite Design, Inc. (the "Plaintiff"), and submits this reply to the Opposition of Jeanne D'Arc Credit Union to Trustee's Motion for Summary Judgment (the "Opposition"). For the reasons set forth below, the Opposition is unavailing and summary judgment must enter in favor of the Trustee.

The Opposition makes three arguments: (a) that the Plaintiff has not satisfied his burden of showing insolvency; (b) that he has not satisfied his burden of showing that the Debtor did not receive reasonably equivalent value for the transfers; and (c) that the Plaintiff's Motion relies solely on the Wesler Report, which the Defendant says is inadmissible. It relies primarily on the affidavit of a purported expert, Julie Quink, whose retention was not timely disclosed, to attempt to undercut the Wesler Report. As more fully set forth in the Plaintiff's Opposition to the Motion

to Strike the Wesler Report, filed contemporaneously herewith, the Motion to Strike should be denied, and the Quink Affidavit itself is both procedurally and substantively improper, and cannot be considered as evidence. Moreover, even if the opinions in the Wesler Report were to be disregarded, the Trustee does *not* rely solely on the Wesler Report. Instead, the Plaintiff filed his affidavit in support of the Motion, to which were attached 9 exhibits, and which referenced multiple exhibits that were also included with the Wesler Report. The Trustee's affidavit and exhibits provide ample support for the Motion. There are no disputes as to the genuineness or relevance of any of the documents submitted by the Plaintiff. And, as set forth in the Trustee's memorandum in support of the Motion, the Defendant cannot rely upon simple denials to create a dispute of material fact; it must provide some actual support for its allegations that certain material facts are contested.

The Defendant relies on *Riley v. Countrywide Home Loans, Inc. (In re Duplication Mgmt.)*, 501 B.R. 462 (Bankr. D. Mass. 2013), correctly noting that the Trustee has both the ultimate burdens of proof and persuasion. But that opinion also unequivocally notes that once the Trustee has made out a prima facie case, the *burden of production* shifts to the Defendant to provide evidence that would create a dispute of material fact. There can be no question that the Trustee has made out that prima facie case on the elements necessary for summary judgment, which shifts the burden to the Defendant to produce contrary evidence.

Start first with the Trustee's contention that the Debtor did not receive reasonably equivalent value for its payment of Ramos' personal mortgage payments. The Defendant does not contest that the Debtor was not obligated on the Loan, either as maker or guarantor, nor does it proffer any evidence that either the Debtor or Ramos treated the payments on his personal mortgage as part of Ramos' income on tax returns or financial documents. It is undisputed that

there was no written employment agreement between the Debtor and Ramos. As the Court in *Duplication Mgmt.* noted, after an extensive survey of applicable case law, the trustee was "not required to disprove the Defendant's theory that the Mortgage payments were reasonably equivalent in value to the services [the owner] provided to the Debtor". *Duplication Mgmt.,* 501 B.R. at 485. Instead, the burden of not just asserting there was indirect consideration, *but of quantifying the value of the consideration*, shifted to the Defendant. Id., 501 B.R. at 486. JDCU has provided no admissible evidence whatsoever in support of its Opposition on this issue. The First Circuit, favorably citing *Duplication Mgmt.,* subsequently opined that potentially fraudulent transfers are evaluated from the perspective of a debtor's creditors. *DeGiacomo v. Sacred Heart Univ., Inc. (In re Palladino)*, 942 F. 3d 55, 58-50 (1st. Cir. 2016). From that perspective, the Plaintiff has satisfied his burden of proof, which the Defendant has failed to rebut in any way.

Second, it is telling that the Opposition lacks any challenge to the Trustee's allegations that the Debtor was without sufficient capital to carry on its operations when the Transfers were made. As set forth in the Trustee's Affidavit, the supporting documents, and the documents annexed to the Wesler Report:

- Even the financial statements *prepared by the Debtor's own accountants* show negative cash balances at the end of 2019 and 2020, and a balance of only $5,871 at the end of 2021. Wesler Report, Exhibit "F".
- Starting as early as June, 2019 the Debtor started entering into "merchant cash advance" agreements, eventually entering into at least 16 agreements with 13 different such companies. Ramos acknowledged that Top Line was taking out loans from merchant cash advance companies when the Debtor was having financial difficulties. *See* Exhibit "11" to Trustee's Statement.
- The Debtor borrowed heavily from John Testa, an associate of Ramos; at the Petition Date the balance was $3,618,461.23. Wesler Report, Exhibit "T".

- The Debtor was regularly bouncing payroll checks. Wesler Report, ¶¶ 79-80, p. 20, and Exhibit "W", p. 10.

In its Opposition, the Defendant does not even acknowledge this element of the Trustee's complaint, let alone attempt to refute the documentary and testimonial evidence supporting the allegations that the Debtor was undercapitalized. Similarly, the Motion to Strike challenges only the Wesler Report's opinion on insolvency. The Plaintiff does not need to prove both that the Debtor was insolvent (although it clearly was) and that it had unreasonably small capital; establishing either one merits entry of summary judgment in favor of the Plaintiff.

For these reasons, and for the reasons set forth in the Plaintiff's motion and supporting documents, summary judgment must enter in favor of the Trustee.

Respectfully submitted this 6th day of January, 2026.

Respectfully submitted,

STEVEN WEISS,
CHAPTER 7 TRUSTEE,
PLAINTIFF

By:/S/ Steven Weiss
Steven Weiss, Esquire
sweiss@ssfpc.com
BBO #545619
Mark J. Esposito, Esquire
Mesposito@ssfpc.com
BBO # 672638
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Suite 1100
Springfield, MA 01103
Telephone: 413-737-1131
Facsimile: 413-736-0375

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Chapter 7 |
| TOP LINE GRANITE DESIGN, INC., | ) | Case No. 22-40216-EDK |
| Debtor | ) | |
| | ) | |
| | ) | |
| STEVEN WEISS, Chapter 7 Trustee, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 24-4010-EDK |
| | ) | |
| JEANNE D'ARC CREDIT UNION, | ) | |
| EDMILSON RAMOS | ) | |
| Defendants | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

I, Steven Weiss, of Shatz Schwartz and Fentin, P.C., do hereby certify that on January 6, 2026, a copy of the of the foregoing **Plaintiff's Reply** was mailed via electronic and/or first-class mail, postage pre-paid, to the following:


Edmilson Ramos, Defendant
290 Massapoag Road
Tyngsborough, MA 01879

Nora R. Adukonis
Jessica Studstill
Litchfield Cavo LLP
6 Kimball Lane
Suite 200
Lynnfield, MA 01940

/s/ Steven Weiss
Steven Weiss, Esquire