# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 13 |
|  | ) | Case No. 22-40216-EDK |
| TOP LINE GRANITE DESIGN INC., | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) | Adversary Proceeding |
| STEVEN WEISS, | ) | No. 24-4010 |
| *Chapter 7 Trustee,* | ) |  |
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| JEANNE D'ARC CREDIT UNION, | ) |  |
| EDMILSON RAMOS, | ) |  |
|  | ) |  |
| Defendants | ) |  |

## <u>FINAL PRETRIAL ORDER</u>

1. **A TRIAL IS SCHEDULED FOR June 16 and June 17, 2026 at 10:00 a.m. each day** in the Federal Courthouse, Berkshire Courtroom, 300 State Street, Springfield, MA.

2. **<u>Joint Pretrial Memorandum.</u>** Absent further order of the Court, **the parties are ordered to file a Joint Pretrial Memorandum by June 9, 2026.** The Joint Pretrial Memorandum must be approved and signed by all counsel and unrepresented parties.[1] The Joint Pretrial Memorandum shall supersede the pleadings to the extent of any inconsistency and will govern the course of trial. The Joint Pretrial Memorandum must set forth the following:

---

[1] If the parties cannot cooperate in filing a Joint Pretrial Memorandum, then each party shall be responsible for filing, by the same date, a separate Pretrial Memorandum that contains the information required by this paragraph and a statement as to why the parties could not cooperate in filing the Joint Pretrial Memorandum.

a.  A statement indicating the parties' attempts to resolve their dispute by mediation. In the event the parties agree in good faith to mediation, the Court will liberally consider any motion to postpone the trial to accommodate the mediation.

b.  Facts to which the parties have stipulated.

c.  The issues of fact which remain to be litigated.

d.  The issues of law to be determined.

e.  A brief summary of the Plaintiff's case.

f.  A brief summary of the Defendant's case.

g.  The name, address, and telephone number of each witness, separately identifying witnesses each party expects to present and those witnesses to be called only if the need arises.[2]

h.  A list of witnesses whose testimony will be presented by means of a deposition.

i.  A list of exhibits, other than those to be used for impeachment, pre-marked in the order in which they are expected to be offered (with separate numbering for plaintiff and defendant), separately identifying those exhibits which each party expects to offer and those which will be offered only if the need arises.

j.  A statement confirming that the parties have exchanged exhibits.

k.  If applicable, a statement disclosing any records of regularly conducted business activity under Fed. R. Evid. 803(6) that a party intends to present by certification, as permitted by Fed. R. Evid. 902(11) and (12), rather than by testimony of an authentication witness.

l.  Any objections, including the grounds for the objection, to the calling of any witnesses, including experts, the presentation of testimony through use of a deposition, or the admissibility of documents or exhibits.  Any objection not set forth in the Joint Pretrial Memorandum, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived unless excused by the Court for good cause shown.

m.  The estimated length of trial (if different from the estimate set forth in the Rule 26(f) conference report).

3.  **Trial Briefs.**  No later than 7 days before trial (unless a shorter period is specified by the Court), counsel may, but need not, file trial briefs.

---

[2]  If an interpreter is required for any witness, it will be the responsibility of the party calling the witness to supply the interpreter.  The Court cannot and does not supply interpreters.

4. **Exhibits and Demonstratives.**[3]

    a. Trial exhibits must be pre-marked and assembled in binders tabbed with the appropriate exhibit numbers.

    b. Parties must bring sufficient copies of all exhibits and transcripts of deposition testimony to Court for trial so that copies are available for the Judge, the witness, the Law Clerk, all counsel, and all unrepresented parties.

    c. Written summaries and/or charts presented to the Court in conjunction with closing statements (as an aid and not as evidence) must be provided to opposing counsel prior to the commencement of the closing statement, and any objections must be raised prior to the commencement of the closing statement. Closing summaries and/or charts may not include information which was not presented and admitted into evidence or through testimony during the trial.

5. **Valuation Testimony.** Unless otherwise ordered by the Court in advance or at trial, any expert testimony as to the valuation of assets may be presented in the following manner:

    a. The direct testimony of the expert will consist of his or her appraisal report, which shall be under oath. A copy of the report must be delivered to opposing parties at least 7 days before the date of trial.

    b. Cross-examination will be conducted as if the witness had testified to the contents of the report.

    c. If the opposing party wishes to challenge the qualifications of the expert, it may do so in cross-examination.

6. **Proposed Findings of Fact and Conclusions of Law.** After trial, counsel may (by separate order) be required to submit proposed findings of fact and conclusions of law.

7. **Failure to Comply with this Order.** This Order and the deadlines set by the Court may not be modified absent further Court order. Failure to comply with the provisions of this Order may, pursuant to Fed. R. Civ. P. 16 and 37, result in sanctions, including the entry of a dismissal or default, exclusion of evidence or testimony, or monetary sanctions.

Dated: March 5, 2026

                                   _Elizabeth D. Katz_
                                   Elizabeth D. Katz
                                   United States Bankruptcy

---

[3] The courtroom is equipped with an electronic presentation system for displaying trial exhibits. Questions regarding the electronic evidence presentation system should be directed to the Courtroom Deputy at Sophia_Howard@mab.uscourts.gov.